**The Trustees of the Diocese of Vermont, et al. v. State of Vermont, Vermont Railway, Inc., and City of Burlington**

[496 A.2d 151]

Nos. 83-457 and 83-490

Present: Hill, Underwood and Peck, JJ., and Keyser and Daley, JJ. (Ret.), Specially Assigned

Opinion Filed April 19, 1985

Motion for Reargument Denied June 5, 1985

*Gravel, Shea & Wright, Ltd.,* Burlington, for Plaintiffs-Appellants.

*Norman C. Smith* of *Bloomberg & Greenberg,* Burlington, for Defendant-Appellee Vermont Railway, Inc.

*John T. Leddy* of *McNeil, Murray & Sorrell, Inc.,* Burlington, for Defendant-Appellee City of Burlington.

Hill, J. The plaintiffs, The Trustees of the Diocese of Vermont, appeal an order of the superior court which dismissed their cause of action. We affirm.

In 1899, pursuant to an act of the Vermont Legislature, the Rutland-Canadian Railroad Company obtained Commissioner's awards permitting the taking of an easement for railroad purposes on land owned by predecessors in title to the plaintiffs. The Rutland-Canadian Railway Company was succeeded by the Rutland Railway Corporation. In 1962, the State of Vermont acquired the land from the Rutland Railway Corporation as part of the liquidation of that company. The State leased the right-of-way to Vermont Railway, Inc., which operated a railroad on the land until about the end of 1970. At

that time, Vermont Railway removed all of its railroad equipment, including all switches, bridges and tracks, from the land. The defendant, City of Burlington, currently operates a bicycle path over part of this land. Vermont Railway still has approval from the Interstate Commerce Commission (ICC) to operate a railroad over the right-of-way. It has neither sought, nor received, permission from the ICC to abandon the railroad operation on this land.

In 1981, plaintiffs commenced this action in superior court, seeking a declaration that the easement granted for railroad purposes has been abandoned and is extinguished. Consequently, the plaintiffs claim that their title to the property is unencumbered by any interest of either the State of Vermont or Vermont Railway. Plaintiffs also sought a permanent injunction barring the defendants, the State of Vermont, Vermont Railway, Inc. and the City of Burlington, and all those claiming under them, from: (i) asserting any claim adverse to plaintiffs' titles to the land, (ii) trespassing upon the right-of-way, and (iii) executing any lease or conveyance of the land.

In 1982, the State of Vermont moved the court to dismiss the action for failure to state a claim on which relief can be granted, or, in the alternative, to grant summary judgment to the defendants. In urging the court to dismiss this action, the State argued that the Interstate Commerce Act (ICA), through 49 U.S.C. § 10903 (1976 and Supp. IV 1980), requires the approval of the ICC before a railroad may abandon its line. Since Vermont Railway did not obtain such approval, the State argued that no abandonment occurred, and absent an abandonment, the plaintiffs have no right to the relief they seek. The State's motion was denied by Judge Dier.

Later in 1982, the City of Burlington submitted a Suggestion of Lack of Subject Matter Jurisdiction, pursuant to V.R.C.P. 12(h)(3), and then moved the court to dismiss the action on these grounds. The City alleged that Vermont Railway is subject to the ICC's exclusive jurisdiction with regard to its use of the land in question, and that, consequently, the court does not have jurisdiction to decide the case. By an Opinion and Order in August of 1983, Judge Martin granted the City's motion, and dismissed the action. It is from this dismissal that the plaintiffs appeal.

## I.

Plaintiffs' first claim is that it was error for Judge Martin to have dismissed the case, because the issue of lack of subject matter jurisdiction was previously presented to the trial court and ruled upon by Judge Dier in response to the defendant's, State of Vermont, motion to dismiss. Plaintiffs argue that as a result of this ruling, the trial court was precluded from later finding a lack of subject matter jurisdiction. .

In *Merrill* v. *Reed*, 123 Vt. 248, 252, 185 A.2d 737, 740 (1962), we stated: "A ruling of the trial court, . . . without any exceptions being taken, becomes the law of the case." Plaintiffs allege that Judge Dier's failure to dismiss the case was a ruling that the superior court had subject matter jurisdiction over the case, and that under the rule as set forth in *Merrill* v. *Reed, supra,* this issue could not be ruled on later by Judge Martin.

A review of the various motions and memoranda reveals that the specific issue of lack of subject matter jurisdiction was not raised in the first motion to dismiss. The defendant, State of Vermont, argued in the first motion that absent a ruling by the ICC on the issue of abandonment, the plaintiffs' allegations lacked merit, and failed to present the court with a claim upon which relief can be granted. This does not suggest that the court lacked subject matter jurisdiction to hear the case. Having not been raised in the first motion, Judge Dier's ruling on that motion did not preclude the issue of lack of subject matter jurisdiction from being raised at a later time.

## II.

The plaintiffs' second claim is that it was error for the superior court to find that it lacked subject matter jurisdiction over the case, and thereby grant defendant's, City of Burlington, motion to dismiss.

Plaintiffs in this action claim that defendants have abandoned their interest in the land and that, under Vermont law, title to this land reverts to the plaintiffs. Defendants, on the other hand, argue that because there has been no authorization from the ICC for them to abandon or discontinue service on any part of the railroad line, the railway is still under ICC

jurisdiction. Consequently, the defendants argue, any order by the state courts declaring an abandonment, and granting plaintiffs the relief they seek, would usurp the ICC of its authority in this area and, therefore, would be unconstitutional.

State laws which "interfere with, or are contrary to the laws of Congress" are invalidated by the Supremacy Clause of the United States Constitution. *Gibbons* v. *Ogden,* 22 U.S. (9 Wheat.) 1, 211 (1824); U.S. Const. art. VI. When Congress chooses to legislate, pursuant to its constitutional powers, courts must find that local laws have been preempted by federal regulation if they "stand[ ] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines* v. *Davidowitz,* 312 U.S. 52, 67 (1941), *quoted in Chicago & North Western Transportation Co.* v. *Kalo Brick & Tile Co.,* 450 U.S. 311, 317 (1981). The specific issue, presented in this case, is whether the state court action requesting a disposition, under the state law, of an allegedly abandoned railroad easement interferes with federal regulation of interstate commerce.

In *Chicago & North Western Transportation Co.* v. *Kalo Brick & Tile Co., supra,* the United States Supreme Court addressed this interplay between the Interstate Commerce Act and state causes of action with regard to railroad abandonments. The Court found that the ICA, 49 U.S.C. §§ 10101–11917 (1976 and Supp. IV 1980), "endows the Commission with broad authority over abandonments, or permanent cessations of service." *Id.* at 319. The Court also stated that the ICC has "plenary authority to regulate, in the interest of interstate commerce, rail carriers' cessations of service on their lines. And at least as to abandonments, this authority is exclusive." *Id.* at 323. Pursuant to 49 U.S.C. § 10903(a) (1976 and Supp. IV 1980), a rail carrier subject to the jurisdiction of the ICC may abandon any part of its railroad lines, or discontinue operations, *"only if* the Commission finds that the present or future public convenience and necessity require or permit the abandonment or discontinuance." *Id.* (emphasis added). The following section, 49 U.S.C. § 10904, sets forth the procedure for obtaining from the ICC a certificate of abandonment or discontinuance.

■ Where no ICC authorization is given for a railway to abandon or cease operations, the ICA empowers the courts to enjoin such action, and to require the railway to continue service pending disposition of the matter by the ICC. 49 U.S.C. §§ 11505, 11702–11704 (1976 and Supp. IV 1980); see, e.g., *ICC v. Maine Central Railroad*, 505 F.2d 590 (2d Cir. 1974); *ICC v. St. Johnsbury & Lamoille County Railroad*, 403 F. Supp. 903 (D. Vt. 1973). However, courts are not empowered to make any determination regarding the issue of abandonment, as such would interfere with the ICC's plenary authority in this area. *ICC v. Maine Central Railroad, supra*, 505 F.2d at 595; *ICC v. St. Johnsbury & Lamoille County Railroad, supra*, 403 F. Supp. at 907.

■ In the instant case, Vermont Railway is currently licensed and expressly authorized, by order of the ICC, to operate a railroad line on the land in question. *State of Vermont & Vermont Railway, Inc., Acquisition & Operation in Vermont*, 320 I.C.C. 330 (1963); Second Supplement Decision of the ICC, Docket No. 22830 (February 15, 1983). No abandonment proceedings before the ICC have been commenced, nor has there been authorization from the ICC permitting Vermont Railway to discontinue service. This action, brought in state court, seeking to dispose of the property under state law, thus interferes with the ICA's statutory scheme for regulating interstate commerce. Granting the plaintiffs the relief they seek would strip the ICC of its lawful power to determine that no abandonment should be permitted, and that these lines should remain open for the use of interstate commerce. See 49 U.S.C. § 10903 (1976 and Supp. IV 1980).

The State action here is an attempt to enforce an alleged common law right, which in this instance would interfere with the laws of Congress. The action thus cannot be sustained, and the motion to dismiss was properly granted.

*The order of the superior court dismissing this action for lack of subject matter jurisdiction pursuant to V.R.C.P. 12(h)(3) is affirmed.*