2007 VT 135

**Virginia HOUSTON and Jean Richard n/k/a Jean Damon v. TOWN OF WAITSFIELD**

[944 A.2d 260]

No. 06-144

*Toor*, J.

---

¶ 1. December 19, 2007. Landowners appeal a superior court order granting the Town of Waitsfield summary judgment and thereby denying landowners' request for declaratory relief to prevent the Town from drilling test wells on their land without first undergoing a formal process of condemnation and compensation. Because the Town has completed drilling the test wells, we dismiss the appeal as moot.

¶ 2. The Town sought to drill one or two temporary exploratory wells on a dirt road, known as Reed Road, to ascertain the presence of adequate underground water for use as a public water supply source. Landowners both own property abutting this road. The Town obtained a permit to drill two test wells on Reed Road from the Agency of Natural Resources, but did not commence any condemnation proceeding, or make a finding of necessity and public good related to the site. Landowners filed for declaratory judgment in superior court, seeking only a "preliminary and permanent injunction prohibiting [the Town] from proceeding with the drilling of the test well until proper and formal procedures have been followed." In their suit, landowners claimed that they owned the land and that the Town could not drill wells without first undergoing a formal condemnation proceeding. The Town disputed that Reed Road was private and asserted the road was a public highway over which the Town had an easement, and further that it could drill a test well without instituting a condemnation action.

¶ 3. Both parties filed for summary judgment. The superior court concluded that because the parties disputed whether the road was public or private and presented conflicting evidence on the issue, the road's status could not be resolved on summary judgment. Nevertheless, the court concluded that resolution of the road's ownership was not critical because the Town had statutory authority to drill test wells on private property prior to instituting a formal condemnation proceeding. The court relied on the statutes related to municipal water supply construction, 24 V.S.A. §§ 3301, 3303, and concluded that the statutes authorized the Town to enter upon land without complying with "any procedural steps that must precede such entry." The court, persuaded by the statute's language that referred to assessing damages in both the future and past tenses, held that landowners could request compensation afterwards if any damage resulted from the entry. Landowners filed this appeal.

¶ 4. On appeal, landowners argue that the court misinterpreted the statute and that the Town lacked statutory authority to dig the wells without first undergoing a formal condemnation proceeding.[1] At oral argument, all parties agreed that since the case was submitted to this Court, the Town had completed drilling the test wells on the property without undergoing a condemnation action. On September 24, 2007, this Court issued an entry order directing the parties to show cause why this case should not be dismissed as moot. All parties submitted memoranda of law on the issue. The Town argues that the matter is moot because now that the drilling is complete, the landowners' action for injunctive relief is no longer a live controversy. The Town contends that any opinion would be advisory at this stage. We agree.

¶ 5. In general, a case is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *In re Moriarty*, 156 Vt. 160, 163, 588 A.2d 1063, 1064 (1991) (quotations omitted). "The mootness doc-

---

[1] Landowners did not raise any constitutional claims in the trial court or on appeal. Landowners' sole argument on appeal was that the trial court's holding contravened the plain meaning of the statute.

trine derives its force from the Vermont Constitution, which, like its federal counterpart, limits the authority of the courts to the determination of actual, live controversies between adverse litigants." *Holton v. Dep't of Employment & Training*, 2005 VT 42, ¶ 14, 178 Vt. 147, 878 A.2d 1051. Even if a case originally presented an actual controversy in the trial court, the case must remain live throughout the appellate process for us to examine the issues. *In re Moriarty*, 156 Vt. at 163, 588 A.2d at 1064. Thus, a change in facts or circumstances can render a case moot if this Court can "no longer grant effective relief." *Id.* (quotation omitted).

¶ 6. Landowners originally sought injunctive relief to prevent the Town from digging wells without first undergoing a condemnation proceeding. All parties agree that the Town has completed the drilling without any condemnation action. A decision at this stage as to whether the Town had statutory authority to drill the wells without undergoing a condemnation action cannot undo the drilling. As one court explained, "where the activities sought to be enjoined have already occurred, and the appellate courts cannot undo what has already been done, the action is moot, and it must be dismissed." *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) (citation, alteration and quotations omitted); see *Wild v. Brooks*, 2004 VT 74, ¶ 10, 177 Vt. 171, 862 A.2d 225 (explaining that an injunction is an extraordinary remedy designed to deter injurious conduct and cannot be granted if the conduct has been discontinued).

¶ 7. Landowner Houston argues that the controversy is still live because the wells are an ongoing taking for which she is entitled to damages. Although landowner admits that damages were not explicitly requested at trial, she suggests that a request for damages was inherent in her original complaint. Landowner's claim for a damage reward at this stage in the legal process does not create a live controversy that can avoid the mootness of the case. See *Doria v. Univ. of Vt.*, 156 Vt. 114, 119, 589 A.2d 317, 320 (1991) (holding that the plaintiff's request for nominal damages did not defeat mootness as it appeared that the request was made solely to obtain a ruling on a moot issue). The first time landowner requested a damage award was in her brief responding to this Court's show-cause order. Landowner did not request damages in her complaint, or even in her appellate brief. We will not infer an action for damages where one was not originally presented to the trial court. See *Seven Words LLC*, 260 F.3d at 1097 (explaining that where plaintiff requested damages for the first time in supplemental briefing on appeal, the court would not consider the argument to defeat mootness). Moreover, there is no controversy regarding whether landowners are entitled to request compensation after the drilling for any damage incurred. The trial court specifically held that landowners could seek compensation in a new action for damages after the drilling.[2]

¶ 8. Landowner Damon argues that the Town is committing an ongoing trespass and therefore there is an ongoing controversy. For support, landowner cites *State v. Preseault*, 163 Vt. 38, 42-43, 652 A.2d 1001, 1003-04 (1994), where we concluded that the State's action for trespass was not moot because there was an ongoing threat of trespass. In *Preseault*, the State sought damages for trespass and a permanent injunction to prevent the defendants from continuing to trespass on the State's property. The defendants asserted that they were entitled to use the land and would continue to do so. The trial court granted the State a permanent in-

---

[2] Landowner Houston has since filed a new action against the Town in superior court for monetary damages related to the drilling.

junction, concluding that the defendants' assertions of ownership amounted to a threat of future trespass. On appeal, the defendants claimed that the case was moot and the court lacked jurisdiction to grant the injunction because the trespass had ended. *Id.* at 42, 652 A.2d at 1003. This Court held that the trespass was an ongoing controversy given defendants' threats to re-enter and use the land and therefore the case was not moot. *Id.* at 42-43, 652 A.2d at 1004.

¶ 9. We conclude that this case is distinguishable from *Preseault* in several ways. First, the party complaining about mootness in *Preseault* was the one against whom the injunction ran, and the same party that continued to threaten to use the property in violation of the preliminary injunction. In arguing that the action was moot, the defendants sought to relieve themselves of the obligation to comply with an injunction with which they disagreed. Therefore, a permanent injunction was necessary to preserve the status quo and the case could not be considered moot.

¶ 10. In contrast, landowners here wish to avoid mootness to impose an injunction against the other party. Landowners were denied an injunction, the only relief they sought, and now the drilling they sought to prevent has already occurred. Unlike the defendants in *Preseault*, the Town claims it has no intention of further drilling. It is unnecessary, however, to rely on the Town's bald assertion to find there is no ongoing controversy; the drilling was a discrete event that is now over and cannot be undone.

¶ 11. Landowner Damon argues, nevertheless, that the case is not moot because the injury is likely to recur and will evade review. This exception to the mootness doctrine applies if "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *In re Vt. State Employees' Ass'n*, 2005 VT 135, ¶ 12, 179 Vt. 578, 893 A.2d 338 (mem.) (quotation omitted). The rule requires more than a "theoretical possibility of the same event happening in the future," *id.* (quotation omitted), and here the Town states that it does not intend to drill any more test wells on landowners' property. That the Town may drill wells on someone else's property without instituting formal condemnation proceedings is not enough to preserve the claim because Vermont has not adopted a general public-interest exception to the mootness doctrine. *In re Moriarty*, 156 Vt. at 164, 588 A.2d at 1065. Furthermore, there was a long period of time after the Town first asserted its intention to drill and before the wells were eventually drilled.[3] There is no indication that this time period was so short as to evade review.

¶ 12. In sum, landowners sought to prevent the Town from digging test wells without undergoing a condemnation action. Because the drilling is complete and cannot be undone, this Court can no longer grant the injunctive relief that landowners originally sought and the case is moot. Whatever other claims landowners may have in the future for damages caused by the wells or for future incursions are not before us in this appeal.

*Dismissed.*

---

[3] Before drilling, the Town is required to obtain a permit from the Agency of Natural Resources. Landowners agree that they received notice of this permit process. Therefore, landowners would have adequate advance notice before the Town could engage in any future drilling.