State of Vermont

Superior Court – Environmental Division

================================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
================================================================================

<u>In re Agri-Mark Indirect Discharge Permit Amendment</u>,      Docket No. 63-4-10 Vtec

Project:      Amendment to permit authorizing spray and land applications of
      whey, washwater and polished permeate from dairy manufacturing facilities.
Applicant:    Agri-Mark, Inc., d/b/a as Cabot Creamery
              (Appeal from ANR Indirect Discharge-Surface Water Permit Amendment

Title: Motion to Dismiss for Lack of Party Status and Standing (Filing No. 1)

Filed:        April 30, 2010

Filed By: Ross A. Feldmann, Attorney for Appellee Agri-Mark, Inc.

Response in Opposition filed on 05/10/10 by Appellant Jessica Miller
Reply to Response filed on 05/14/10 by Appellee Agri-Mark
Sur-Reply in opposition filed on June 9, 2010 by Appellant Jessica Miller

_X_ Granted               ___ Denied                 ___ Other

___ Scheduled for hearing on: _____ at _____; Time Allotted _____


     Appellant Jessica Miller ("Appellant") appeals from the March 31, 2010 determination by the Vermont Agency of Natural Resources, Department of Environmental Conservation ("DEC") to issue Amended Indirect Discharge Permit No. ID-9-0043-5, which authorized specific indirect discharges of polished permeate, whey, and washwater from a dairy manufacturing facility in Cabot, Vermont.  These by-products of the Cabot manufacturing activities are applied by spray to disposal fields and directly to agricultural fields in approximately thirty-one towns throughout Central Vermont.  The dairy by-product then leaches through the soils in these various fields and ultimately results in indirect discharges into various receiving streams and waters of the State.

     Agri-Mark, Inc., d/b/a Cabot Creamery ("Permittee") responded to Appellant's filings with a motion to dismiss, alleging that because Appellant does not satisfy the statutory requirements for party status and standing to bring an appeal of Amended Permit No. ID-9-0043-5, her appeal must be dismissed.[1]  Appellant has made several filings in response to the Permittee's motion and objects to the dismissal of her appeal.  The motion is therefore now ripe for our review.

     Courts are constitutionally restricted to adjudicating disputes where there exists a "live controversy" between adverse litigants with standing to assert their respective claims.  <u>In re Keystone Development Corp.</u>, 2009 VT 13,

---

[1]  On May 5, 2010, Agri-Mark also filed an "Amended Motion to Dismiss for Lack of Party Status and Standing."  This filing appears to supplement Agri-Mark's original motion, filed on April 30, 2010, and to be a response to Appellant Miller's "Second Correction to [her] Notice of Appeal," filed on May 3, 2010.  Ms. Miller also filed a "Third Correction to Notice of Appeal" on May 4, 2010.  We have considered all filings by both parties in rendering this Entry Order on Agri-Mark's motion to dismiss.

¶ 7 (citing <u>Houston v. Town of Waitsfield</u>, 2007 VT 135, ¶ 5, 183 Vt. 543 (mem.) (noting that "the Vermont Constitution, . . . like its federal counterpart, limits the authority of the courts to the determination of actual, live controversies between adverse litigants" (citation omitted))).  When courts decide cases that are outside these constitutional limits, they act beyond their jurisdictional authority.  <u>Id</u>.

The statutory framework that limits a person's right to appeal a land use determination finds its foundation, in part, in these constitutional limitations.  Our Legislature further determined that a person may only appeal a land use determination, such as the amended indirect discharge permit issued by DEC in this case, when they may be deemed to be a "person aggrieved."[2]  The Legislature has defined a "person aggrieved" as "a person who alleges an injury to a particularized interest protected by the provisions of law [applicable to state land use determinations], attributable to an act or decision by [DEC or others] that can be addressed by the environmental court."  10 V.S.A. § 8502(7).  We therefore review Appellant's claims to be such a "person aggrieved," as that term is used in this statutory context.  For the reasons expressed below, we conclude that Appellant has not put forth sufficient evidence to support a finding that she is a "person aggrieved," or otherwise shown another factual basis to support a finding of party status or standing.  For these reasons, we conclude that her appeal must be DISMISSED.

First, we note that because the Permittee has chosen to file a motion to dismiss Appellant as a party, it has set for itself a high standard of factual review.  We are directed when considering a motion to dismiss a party or their pleading to regard as true "all well-pleaded factual allegations . . . and all reasonable inferences to be drawn from them, and take[] as false all contravening assertions in the movant's pleadings."  <u>Knight v. Rower</u>, 170 Vt. 96, 98 (1999) (citing <u>Thayer v. Herdt</u>, 155 Vt. 448, 456 (1990)).  Motions to dismiss are "not favored and rarely granted."  <u>Gilman v. Maine Mutual Fire Ins. Co.</u>, 2003 VT 55, ¶ 14, 175 Vt. 554 (citing <u>Ass'n of Haystack Prop. Owners v. Sprague</u>, 145 Vt. 443, 446-47 (1985) and 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357, at 598 (1969)).

Even in this favorable light, we have been unable to discern facts that could conceivably support a legal conclusion that Appellant has standing in these permit proceedings.  Amended Permit No. ID-9-0043-5 appears to provide authority for extensive spraying and land application of dairy manufacturing by-product.  However, Appellant appears to allege that her home is no closer than three and a half miles from the project sites.  Appellant complains of damage she previously incurred when her vehicle was sprayed by Permittee's trucks, but does not provide any connection to the damage she once may have suffered, or a fear of that occurring again, and the activities authorized by the permit now under our review.  Similarly, Appellant appears to express sincere concerns regarding the impact from Permittee's truck traffic.  However, the challenged permit does not authorize that truck traffic.  In fact, a challenge to Permittee's underlying Act 250 permit would have been a more appropriate proceeding in which to raise traffic impact concerns; Appellant acknowledges that she was a party to those Act 250 proceedings, suffered an adverse determination at the hands of the District Commission, and chose not to appeal.  Those District Commission determinations have therefore become final.

In summary, Appellant appears to raise sincere and perhaps legitimate concerns about the general operation of the Cabot Creamery, but has failed to provide us with a factual basis for addressing those concerns in this proceeding

---

[2] 10 V.S.A. § 8504(a)

to determine whether Cabot's application for an amended indirect discharge permit should be granted.  Without a factual foundation to support her standing to raise those concerns, we are without the jurisdictional authority to address her concerns in this proceeding.  For these reasons, we must DISMISS her appeal.

_____          ____July 20, 2010_____
        Thomas S. Durkin, Judge                              Date
=============================================================================
Date copies sent to:  _____          Clerk's Initials _____
Copies sent to:
    Appellant Jessica Miller
    Attorney Ross A. Feldmann for Appellee Agri–Mark, Inc.
    Attorneys Catherine Gjessing and Cielo Marie Mendoza for the Vermont Agency
        of Natural Resources