**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-305

OCTOBER TERM, 2013

| | | |
|---|---|---|
| Gordon E. Campbell, Jr. | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Civil Division |
| Andrew A. Pallito, Commissioner, Vermont | } | |
| Department of Corrections | | |
| | } | DOCKET NO. 229-4-13 Wrcv |

In the above-entitled cause, the Clerk will enter:

Appellee, the Department of Corrections, filed a motion requesting this Court to dismiss appellant's case as moot for lack of subject matter jurisdiction. Appellant appeals the trial court's summary judgment in favor of the Department in a complaint for injunctive relief against the facility where appellant was held for undue delays in sending and receiving his mail. The Department contends that because appellant has been transferred to a different facility since the original complaint was filed, the claim is now moot. Appellant, in turn, argues that his case is not moot because the same administrative directive governs all Vermont correctional facilities, including presumably, the facility appellant transferred to. See Inmate Mail, Publications, and Audio/Video Regulations, Vermont Department of Corrections § 409.05 (eff. Dec. 6, 2010).

"[A] change in facts or circumstances can render a case moot if this Court can no longer grant effective relief." Houston v. Town of Waitsfield, 2007 VT 135, ¶ 5, 183 Vt. 543, 944 A.2d 260 (mem.) (quotations omitted). Appellant's relocation to a new facility where he has not yet experienced delays in sending or receiving mail is such a change in circumstances. See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006) ("[A]n inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."). This is largely because "injunctions are designed to deter injurious conduct; thus relief will not be granted if the conduct has been discontinued, i.e., if the case is moot." Wild v. Brooks, 2004 VT 74, ¶ 10, 177 Vt. 171, 862 A.2d 225. Since appellant is no longer at the facility where he suffered delays with his mail, an injunction ordering that facility to process mail more quickly will offer him no relief, and is therefore moot.

Appellant's argument that the same directive governs all Vermont correctional facilities does not revive his claim. Though we have in past allowed a case to go forward in spite of mootness where the issue is "capable of repetition, yet evading review," this particular case does not meet the test for this exception because there is not a "reasonable expectation that the same complaining party will be subjected to the same action again." In re Essex Search Warrants, 2012 VT 92, ¶¶ 9-10, ___ Vt. ___, 60 A.3d 707 (quotations omitted). Although it is certainly

possible that appellant may in future experience mail delays at his current facility, it is not reasonable to *expect* any such delays.

Appellant also argues that because an affidavit accompanying the Department's motion attesting to his facility transfer does not reference the exact day it was signed, that the Department's motion should be denied. Appellant provides no legal basis for this argument, nor does he dispute that he has been transferred. Moreover, the notarized affidavit is dated "October 2013," and as the specific day it was signed has no bearing on its contents, the failure to provide a day does not affect the validity of the Department's motion.

The Department's motion is therefore granted. Because we dismiss the appeal, we also deny appellant's motion for extension of time in which to file his brief. We do, however, recognize that although the trial court granted summary judgment to the Department, it noted that the Department "acknowledged the need to process mail more expeditiously." If in future appellant should suffer undue delays in sending or receiving mail at the facility where he is now located, he is free to renew his complaint.

BY THE COURT:

Paul L. Reiber, Chief Justice

John A. Dooley, Associate Justice

Marilyn S. Skoglund, Associate Justice

Beth Robinson, Associate Justice

Geoffrey W. Crawford, Associate Justice

2