Filed 02/12/24

VERMONT SUPERIOR COURT

Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-SC-00112

| Jonathan Dodd v. Paige Cheney |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for an Order Restricting Abusive Litigation  (Motion: 2)
Filer:          Paige Cheney
Filed Date:     February 08, 2024

The motion is GRANTED IN PART.

Plaintiff Dodd has filed a small court claim for money that he claimed that he paid to Defendant Cheney over a period of 20 months that Defendant set aside and used to purchase Defendant's current house. Plaintiff also claims that he contributed to the purchase of a bed that is still in the custody of Defendant.

Defendant Cheney in her answer denies that she set any money aside from Plaintiff Dodd to purchase her house. Defendant also states that she has no interest in keeping the bed and that Plaintiff may take it once his lawyer makes arrangements with Defendant to pick it up as established in the Relief from Abuse Order that Defendant has against Plaintiff.

The Court understands the portion of Defendants answer concerning the bed to remove that issue from dispute. Defendant is effectively recognizing Defendant's claim to the bed and is turning ownership over to him. Given this concession, there is no damage or live claim on this issue, and it is dismissed as a matter of law because there is no controversy or relief to be given. *Houston v. Town of Waitsfield*, 2007 VT 135, ¶ 5 (mem.).

This leaves only Plaintiff's claim that Defendant, with his permission, allocated his money to a house-savings fund that she then used to purchase her house. While Plaintiff is not alleging any contract or agreement, he does make out the basic claim for unjust enrichment. *McLaren v. Gabel*, 2020 VT 8, ¶¶ 23–26 (holding that an unmarried cohabitants may seek compensation for investment in real property made under another's name where the elements of unjust enrichment are

met).   Defendant denies these payments and contends that any money she received from Plaintiff went to the essential expenses of their joint household.

Before the Court can address the underlying merits of this claim, however, it must address Defendant's motion to dismiss under 15 V.S.A. § 1182.  Defendant has filed a motion and seeks to dismiss the present action based on a newly enacted Vermont law to protect individuals against abusive litigation.  Under 15 V.S.A. § 1181(a), "abusive litigation" exists where:

(A) The opposing parties have a current or former family or household member relationship or there has been a civil order or criminal conviction determining that one of the parties stalked or sexually assaulted the other party.

(B) The party who is filing, initiating, advancing, or continuing the litigation has been found by a court to have abused, stalked, or sexually assaulted the other party pursuant to:

(i) a final order issued pursuant to subchapter 1 of this chapter (abuse prevention orders);

(ii) a final order issued pursuant to 12 V.S.A. chapter 178 (orders against stalking or sexual assault);

(iii) a final foreign abuse prevention order;

(iv) an order under section 665a of this title (conditions of parent-child contact in cases involving domestic violence);

(v) a conviction for domestic assault pursuant to 13 V.S.A. chapter 19, subchapter 6; stalking pursuant to 13 V.S.A. chapter 19, subchapter 7; or sexual assault pursuant to 13 V.S.A. chapter 72; or

(vi) a court determination of probable cause for a charge of domestic assault and the court imposed criminal conditions of release pertaining to the safety of the victim, which include distance restrictions or restrictions on contact with the victim.

(C) The litigation is being initiated, advanced, or continued primarily for the purpose of abusing, harassing, intimidating, threatening, or maintaining contact with the other party.

(D) At least one of the following applies:

(i) the claims, allegations, or other legal contentions made in the litigation are not warranted by existing law or by a reasonable argument for the extension, modification, or reversal of existing law, or the establishment of new law;

(ii) the allegations and other factual contentions made in the litigation are without adequate evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for further investigation; or

(iii) an issue or issues that are the basis of the litigation have previously been filed in one or more other courts or jurisdictions and the actions have been litigated and disposed of unfavorably to the party filing, initiating, advancing, or continuing the litigation.

15 V.S.A. § 1181(1).

In the present case, Defendant has established criteria A and B through reference to the Relief from Abuse matter between her and Plaintiff at 23-FA-03383. The remaining issues to be established are under criteria C and D, which concern whether the intent of the present litigation is abusive and whether there is a legal and factual basis to the present litigation. In this case, it is not readily determinable whether Plaintiff instituted the present action primarily for the purpose of abusing, harassing, intimidating, threatening, or maintaining contact with Defendant. While there is some legal basis for the present claim, there is a lack of evidence at this stage to substantiate Plaintiff's allegation. Plaintiff states in his complaint that he has proof in his bank statements of these payments.

Therefore, the Court shall set this matter for a 30-minute hearing in accordance with 15 V.S.A. § 1182. At this hearing, the Court will take testimony and evidence from the parties in support of Plaintiff's underlying claim as well as Defendant's contention that there were no such overpayments and that Plaintiff's claims are devoid of any factual support. Parties may also provide testimony on the sufficiency of the legal claims, but as indicated above, the basic pleadings do appear to have some legal foundation in the equitable doctrine of unjust enrichment.

At the conclusion of the hearing, the Court will rule on Defendant's motion to dismiss, and if necessary, on the merits of Plaintiff's claim. In this respect, the hearing shall also function as a final hearing on the merits of Plaintiff's claim if it survives Defendant's 15 V.S.A. § 1182 motion to dismiss.

**So Ordered.**

Electronically signed on 2/9/2024 5:35 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge