STATE OF VERMONT

SUPERIOR COURT
Washington Unit

CIVIL DIVISION
Docket No. 451-7-14 Wncv

Crannell vs. Pallito et al

**ENTRY REGARDING MOTION**

Count 1, Review of Governmental Action (451-7-14 Wncv)
Count 2, Review of Governmental Action (451-7-14 Wncv)
Count 3, Review of Governmental Action (451-7-14 Wncv)
Count 4, Review of Governmental Action (451-7-14 Wncv)
Count 5, Review of Governmental Action (451-7-14 Wncv)

Title:        Motion (Dft) to Dismiss (Motion 5)
Filer:        Andrew Pallito
Attorney:     Jennifer G. Mihalich
Filed Date:   September 11, 2015

Response filed on 09/24/2015 by Attorney Emily B. Tredeau for Plaintiff Charles Crannell

**The motion is DENIED.**

<u>Opinion and Order on Motion to Dismiss</u>

Plaintiff brings this action seeking review of the Defendant's refusal to provide him with appropriate mattresses to address his low back pain. While housed in Kentucky, he grieved the Defendant's refusal through the administrative process and lost. He then filed this action. Thereafter, he was transferred to Michigan. The Defendant has moved to dismiss based on doctrine of mootness. Defendant asserts that Plaintiff should be required to submit his request for special mattresses to the corrections facility in Michigan, which may conclude that that they are warranted or may conclude that a different type of mattress is appropriate.

"[A] change in facts or circumstances can render a case moot if this Court can no longer grant effective relief." *Houston v. Town of Waitsfield*, 2007 VT 135, ¶ 5, 183 Vt. 543 (mem.) (quotations omitted). In this case, the Defendant is the Commissioner of Corrections, and the Commissioner does not claim that an order requiring her to provide the requested mattresses would be ineffective. Moreover, the Court sees no justification, in this case, for requiring a prisoner to grieve anew a matter that has already been fully grieved, even if that approach holds some possibility of a different outcome. If his claim is valid, such a determination would force Plaintiff to continue to endure his confinement without a mattress that may be medically necessary.

The cases cited by Defendant do not require a different result, nor do they stand for the broad proposition that a transfer to a different facility automatically

moots a fully grieved, existing claim. In *Campbell v. Pallito*, No. 2013-305, 2013 WL 9055954, at *1 (Vt. Nov. 5, 2013), the Court determined that the plaintiff's claims concerning certain delays in the processing of mail were moot because he had been moved to a new facility. The Court concluded the claims were moot because the plaintiff was not suffering delays at the new facility, and there was no basis to expect that such delays would occur in the future. *Id.* Similarly, in *Martin v. Gold*, No. 2005-283, 2006 WL 5866266, at *1 (Vt. Mar. 2006), the Court found a plaintiff's claim that sought vegetarian meals did not survive his transfer to another facility because he was actually receiving vegetarian meals at the new facility. In this case, by contrast, Plaintiff remains without the mattresses he has previously requested and been denied.

The Court concludes that the case is not moot. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (transfer "generally moots claims for declaratory and injunctive relief against officials of that facility" but not against corrections commissioner). As a result, the motion to dismiss is denied. (The Court also agrees, however, that making a request for the mattresses in Michigan could bring Plaintiff more prompt relief than the present action. He may wish to proceed with such a request as well as continuing to pursue this action.)

So ordered.

Electronically signed on November 25, 2015 at 03:17 PM pursuant to V.R.E.F. 7(d).

Timothy B. Tomasi
Superior Court Judge

Notifications:
Emily B. Tredeau (ERN 4582), Attorney for Plaintiff Charles Crannell
Jennifer G. Mihalich (ERN 4418), Attorney for Defendant Andrew Pallito