VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.        25-AP-290



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MAY TERM,   2026

| | |
|---|---|
| In re Petition of Apple Hill Solar LLC* | }    APPEALED FROM: |
| | }    Public Utility Commission |
| | }    CASE NOS. 21-1485-PET; 24-3101-PET |

In the above-entitled cause, the Clerk will enter:

Petitioner Apple Hill Solar LLC appeals from a Public Utility Commission (PUC) order denying its motion for relief from judgment.  We conclude that the appeal is moot and therefore dismiss.

In 2014, the PUC awarded petitioner a standard-offer contract for a proposed solar electric-generation facility in Bennington.  Where a standard-offer contract is awarded, the proposed solar facility must achieve "commissioning"—in other words, be "put into operation"—within two years, unless the contract recipient requests and receives an extension of the standard-offer commissioning deadline.  30 V.S.A. §§ 8002(2), 8005a(j)(1)(A), (2).  The recipient, however, must apply for and receive a certificate of public good (CPG) from the PUC before beginning construction of the proposed facility.  In re Otter Creek Solar LLC, 2025 VT 65, ¶ 4 (citing 30 V.S.A. § 248(a)(2)(A)-(B)).  Here, petitioner applied for a CPG in 2015 and the related litigation spanned multiple years.  In re Apple Hill Solar LLC (Apple Hill I), 2019 VT 64, 211 Vt. 54 (reversing PUC's decision approving issuance of CPG and remanding for further proceedings); In re Apple Hill Solar LLC (Apple Hill II), 2021 VT 69, 215 Vt. 523 (reversing PUC's decision denying request for CPG and remanding for additional proceedings); In re Petition of Apple Hill Solar LLC (Apple Hill III), 2023 VT 57, 311 A.3d 117 (affirming PUC's decision denying request for CPG).  While the CPG proceedings were ongoing, petitioner sought and received multiple extensions of the commissioning deadline.

In October 2023, we affirmed the PUC's final decision denying a CPG for petitioner's proposed facility.  Apple Hill III, 2023 VT 57, ¶ 1.  At that time, petitioner's request for a fifth extension of the commissioning deadline was pending before the PUC.  In May 2024, the PUC issued an order dismissing that request.  Petitioner moved for reconsideration, and the PUC denied the motion in October 2024.  Petitioner appealed the dismissal of its fifth extension request and the denial of its related motion to reconsider to this Court.  It also filed a separate petition seeking a sixth extension of the commissioning deadline.  The PUC denied that request in November 2024, and petitioner again appealed.  We consolidated the two appeals for review.

The consolidated appeals were pending before this Court in May 2025 when petitioner filed a motion for relief from judgment with the PUC.  In the motion, petitioner requested that the PUC

reconsider its orders declining to grant a fifth or sixth extension of the commissioning deadline. The PUC concluded that it was without authority to consider the motion under <u>Kotz v. Kotz</u>, 134 Vt. 36 (1975). In <u>Kotz</u>, we held that a superior court cannot "entertain, much less grant" a motion seeking relief from a judgment or order that is on appeal to this Court in the absence of a remand for that purpose. 134 Vt. at 38. The PUC reasoned that because the orders petitioner asked it to revisit were before this Court in the consolidated appeal, the agency was without jurisdiction to take up that request. It therefore denied the motion.

Petitioner appealed the PUC's denial of its motion for relief from judgment to this Court, giving rise to the instant appeal. The briefing was complete in March 2026. Later that same month, however, we issued a decision on petitioner's consolidated appeals. <u>In re Petition of Apple Hill Solar LLC</u> (<u>Apple Hill IV</u>), 2026 VT 8. There, we affirmed the PUC's orders dismissing petitioner's fifth extension request, denying its subsequent motion for reconsideration, and denying its sixth extension request. <u>Id</u>. ¶ 1.

We conclude that this appeal was mooted by the issuance of <u>Apple Hill IV</u> and therefore dismiss without reaching the merits. "A case becomes moot—and this Court loses jurisdiction— when there no longer is an actual controversy or the litigants no longer have a legally cognizable interest" in its outcome. <u>Paige v. State</u>, 2017 VT 54, ¶ 7, 205 Vt. 287; see <u>Holton v. Dep't of Emp. & Training</u>, 2005 VT 42, ¶ 14, 178 Vt. 147 (explaining that mootness doctrine arises from Vermont Constitution, which limits courts' jurisdiction to "determination of actual, live controversies between adverse litigants"). "Even if a case originally presented an actual controversy in the trial court," it "must remain live throughout the appellate process for us to examine the issues." <u>Houston v. Town of Waitsfield</u>, 2007 VT 135, ¶ 5, 183 Vt. 543. Thus, a change in circumstances can render an appeal moot if "this Court can no longer grant effective relief." <u>Id</u>. (quotation omitted).

In the instant appeal, petitioner argues that the PUC erred in concluding it was without jurisdiction over the motion for relief from judgment because <u>Apple Hill IV</u> was pending before this Court. Petitioner contends that the PUC had authority to consider the motion and, in the event the agency indicated that it was likely to grant relief, petitioner could then move this Court to remand for that purpose. Given our intervening decision in <u>Apple Hill IV</u>, this appeal no longer presents a live controversy. See <u>id</u>. It is therefore dismissed as moot.

<u>Appeal dismissed as moot</u>.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
Christina E. Nolan, Associate Justice

_____
Michael P. Drescher, Associate Justice