McRae F. Haskins et al. *v.* Estate of Minnie F. Haskins.

Special Term at Rutland, November, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed February 1, 1944.

*William L. Scoville* for the petitioner.

*Vernon J. Loveland* for the petitionee.

BUTTLES, J. The plaintiffs are the only heirs and next of kin of Minnie F. Haskins, deceased. The final account of the administrator was allowed by order of the Probate Court for the District of Rutland on June 2, 1941. Attached to this account when it was filed in probate court was a statement signed by both of the plaintiffs approving such account and all expenditures therein set forth, and releasing the administrator from all claims and demands whatsoever. Thereafter the share of each of the plaintiffs in the balance shown by said account was paid to him or in accordance with his order. On or about April 30, 1942, the petition which is the basis of the present action was filed by the plaintiffs in probate court praying that the decree allowing said account be vacated

and that the account stand for correction in certain particulars. After notice and hearing the petition was dismissed by the probate court and appeal was taken and allowed to county court where the matter was heard by the court, findings of fact were made and judgment rendered dismissing the petition and the appeal. The cause comes to this Court upon plaintiffs' exceptions to certain of the findings of the county court and to its failure to find in accordance with certain requests.

The power of the probate court to entertain the petition is not and could not be successfully challenged. The power of revision of previous proceedings, in some form or other, has always been considered as incidental to all courts of general jurisdiction, and from the nature and character of the proceedings of the probate court seems peculiarly necessary to its safe and satisfactory administration of justice. *Adams* v. *Adams,* 21 Vt 162, 167; *Lathrop* v. *Hitchcock,* 38 Vt 496, 499. It is objected by the defendant, however, that this power of revision is discretionary with the probate court and, in the absence of express statutory authority, such discretion can be exercised only by that court. But the county court on appeal from probate court sits as a higher court of probate and its jurisdiction is co-extensive with that of the probate court. *Maughan* v. *Estate of Burns,* 64 Vt 316, 321, 23 A 583. That the probate court exercises discretion in an order or decree that it may make is no criterion for determining the right of a party to appeal. The statute has neither expressly, nor by implication, made any such exception to the right. *Adams* v. *Adams,* 21 Vt 162, 165; *Holmes* v. *Holmes Estate,* 26 Vt 536, 540. The decision of the probate court in the present case, denying the relief sought by the petition, was a final disposition of the matter before the court, and was in that respect a judgment from which an appeal might be taken. *Adams* v. *Adams, supra, Lathrop* v. *Hitchcock, supra.*

The matters of which complaint is made in the plaintiffs' petition are, in brief, the allowance, in the administrator's account, of a coal bill and of a bill for the funeral expenses of the decedent's late husband, both of which bills, it is alleged, were not approved by the commissioners, and the receipt by the administrator, as shown by the account, of a price alleged to be inadequate for the real property sold under license from the court. Complaint

was also made of the item of attorney's fees which was later adjusted, and of certain matters of procedure which are now waived. The present case differs from the recent case of *In re Estate of Edward H. Everett, appellant,* 113 Vt 265, 33 A2d 223, in that here there was no decree of distribution. Furthermore the petition in the Everett case asserted neither fraud nor mistake, did not allege that any assets had been omitted from the account and charged no irregularities therein as a ground for reopening the decree of distribution under which title had passed to the legatees and distributees.

The fourteenth paragraph of the petition in the present case reads thus: "That your petitioners signed the agreement attached to the said account under a mistake of fact, in that they were led to believe, and did believe, that they had no ground on which to challenge any of the foregoing ·items in the said account." There was no other allegation of mistake and no allegation of fraud. At the beginning of the hearing in county court the court ruled, in effect, with the acquiesence of plaintiffs' counsel, that hearing would first be had on paragraph fourteen as to whether the approval of the account was signed under a mistake of fact, and that unless the court should be satisfied that it was so signed there would be no necessity for considering the other items of the complaint.

The court's fourth finding of fact was as follows: "We are unable to find that the agreement attached to said account was signed under a mistake of fact in that the appellants were led to believe and did believe that they had no ground on which to challenge any of the items in the account as set forth in paragraph fourteen of their petition, and we find that the amount received for the house and the accounting for said amount was fully explained to them by said Jones before they signed the aforesaid agreement, and that they read over the agreement and the account before they signed the same." It is clear that this finding, if not successfully challenged, negatives the fourteenth paragraph of the complaint.

██ Plaintiffs' exceptions two and three were taken to the two parts of the above finding. The grounds of the exceptions are not clearly stated but the argument seems to be that the finding cannot stand, because there is evidence in the case that is inconsistent therewith. There is apparently also the suggestion that the state of mind of the plaintiffs was a matter within their own

knowledge and that they alone could testify directly thereto. Even so, such direct testimony might, of course, be met by circumstantial evidence. The gist of the plaintiffs' testimony was to the effect that they signed the approval statement only because their attorney told them that they had to do so in order to get their money; that they were ignorant as to their rights regarding the items of the account which they now seek to question, and that their attorney gave them no information or advice in regard thereto. On the other hand their then attorney, a prominent member of the bar of long experience and high standing, testified that he did not tell the plaintiffs that they must sign the approval in order to get their money, but told them that by so doing they would save the expense and delay involved in advertising the account. He also testified that he had several interviews with the plaintiffs about the matter; that on the occasion of the first interview Mr. Haskins objected to the amount charged in the account for attorney's fees and disbursements; that he thereafter procured a reduction in this item by conferring with the administrator's attorney; that he went over the items of the account with the plaintiffs and told them that he had checked the items and in his opinion it was a fair account. He did not think he told them about having a hearing. The plaintiffs admitted that they had several interviews with their attorney and that several days elapsed between the presentation of the account to them and their signing the approval. In this Court the findings of fact by the trial court must stand if there is legitimate evidence fairly and reasonably tending to support them. *Harrison* v. *Harrison,* 110 Vt 254, 257, 4 A2d 348; *Trask* v. *Walker's Estate,* 100 Vt 51, 55, 134 A 853; *Hyde Park Lumber Co.* v. *Shepardson,* 72 Vt 188, 189, 47 A 826; *Kelton* v. *Leonard,* 54 Vt 230, 232.

The statement "we are unable to find" occurring in the first clause of the finding we are considering, when used by a trier of facts, does not necessarily mean that there was no evidence tending so to show, but it does mean that such evidence, in his judgment, does not preponderate, and so, in a legal sense, he was unable to make such a finding. *White River Chair Co.* v. *Conn. Riv. Power Co.,* 105 Vt 24, 38, 162 A 859; *McClary* v. *Hubbard,* 97 Vt 222, 238, 122 A 469, 476. With the evidence standing as it did this Court cannot say that there was error in the trial court's fourth finding.

The plaintiffs have rather inadequately briefed an exception to the court's failure to find their requested finding "that when the appellants signed the consent to the decree allowing the account of the appellee, as found by the court, they were ignorant that if they had demanded a hearing upon the said account they might have questioned the item noted therein, of the price obtained for the house by the appellee, and might have proved that by law the appellee could and should have obtained a larger price at the sale." Assuming but not deciding that such a mistake is one that would warrant the court in revising its decree, and that the law is as broad as therein suggested regarding the obligation of an administrator to obtain the highest price possible for property sold, there is still a practical difficulty with the request.

The evidence discloses that the plaintiffs had ample opportunity to consult competent counsel in regard to all phases of the matter. If they considered the price received for the house inadequate and failed to ask their attorney for full explanation of their rights it could well be held that their alleged ignorance was due to their own negligence. If they asked for but did not receive the information required it would seem that their ignorance was due to the negligence of counsel.

The rule to be applied here would be no different than in cases arising under the fraud, accident or mistake statute, and in such cases this Court has held that the question whether the mistake is of such a character in respect of negligence as justifies the court in setting aside its judgment ordinarily rests in its discretion. *Mutual Life Ins. Co.* v. *Foster,* 88 Vt 503, 506, 93 A 258; *Green* v. *McLoud Co.,* 87 Vt 242, 244, 88 A 810; *East Montpelier* v. *Montpelier,* 65 Vt 193, 195, 26 A 112; *In re Corey's Estate,* 113 Vt 449, 35 A2d 377, decided at the January, 1944, term of this Court. If their mistake was due to negligence on the part of plaintiffs' counsel they are in no better situation, since it is a general rule that the negligence of an attorney is imputable to his client, and that the latter cannot be relieved from a judgment taken against him in consequence of the neglect, carelessness, forgetfulness or inattention of the former, unless such neglect was excusable under the circumstances. 34 CJ 307; *Davidson* v. *Heffron,* 31 Vt 687, 689; *Babcock* v. *Brown,* 25 Vt 550, 552, 60 Am Dec 290; *Barrows* v. *Wilson,* 97 Vt 26, 28, 121 A 440. We cannot say that the failure of the court to grant this request to find was error.

What we have said herein makes it unnecessary to discuss the other exceptions to which the plaintiffs refer in their brief.

*The judgment of the county court dismissing the appeal from the probate court and the plaintiffs' petition, is affirmed. To be certified to the Probate Court for the District of Rutland.*