JOHN HORICON *v.* ESTATE OF DELPHISE LANGLOIS.

(52 A2d 888)

February Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 6, 1947.

82

*Martin S. Vilas* for the plaintiff.

*Leary & Leddy* for the defendant.

MOULTON, C. J.   This controversy has pursued a long and devious course before its arrival in this Court, as will be seen upon the following review of the record.

Delphise Langlois died on June 13, 1942.   On July 16, 1942, the Probate Court appointed two commissioners to receive, examine and adjust claims against his estate, and allowed the period of six months from that date as the time during which such claims were to be presented to them, as provided by P. L. 2832 and P. L. 2838.   The commissioners appointed the times and places for the examination and allowance of claims and duly posted notices thereof, with a statement of the time limited for the presentation of such claims, under the provisions of P. L. 2835.   Although he made no appearance before the commissioners the plaintiff filed with them a claim based upon a promissory note signed by the decedent, amounting to $941.38, with interest.   The two commissioners were unable to agree upon its allowance, and so the Probate Court, as authorized by P. L. 2837, appointed a third commissioner to act with the others regarding the matter with

the result that the claim was disallowed by a majority vote. The plaintiff received notice of this determination on January 27, 1944, and the report of the commissioners was returned to the Probate Court on January 28. The plaintiff filed a notice of appeal on February 23, but this was ineffective because the appeal had not been taken within twenty days after the return of the report, as required by P. L. 3006. On August 1, 1944, he applied to the Probate Court for a renewal of the Commission to enable him to present another claim against the estate, based upon an alleged breach of warranty in a deed of a certain farm, conveyed to him by the decedent. This application was denied, and properly so, because it was not made within two years after the appointment of the commissioners, in accordance with the provisions of P. L. 2839. On October 4, 1945, he brought a petition to the County Court under the provisions of P. L. 2109, for leave to enter his appeal from the disallowance of his claim upon the note, on the ground that he had been deprived of his right to do so by fraud, accident or mistake. In this petition he alleged that if he should be granted leave to enter an appeal as to the note he intended to file "subjoined to said claim" another claim arising out of a breach of warranty. Hearing was had on October 26, during which the court ruled that the latter claim could not be considered, as being beyond the scope of the petition. The plaintiff thereupon requested that a reasonable time should be given him in which to file an amendment to his petition setting forth the facts relating to the claim of breach of warranty. His request was granted, and the court said that the evidence already taken would be considered with regard to the amendment as far as it could be done. On November 23, after making written findings of fact, the court entered an order granting the petition for an appeal from the disallowance of the note, for reasons which it is not material to mention. The plaintiff took advantage of the order and entered the appeal in accordance therewith. On November 27, he filed an amendment to the petition in which he alleged that previous to receiving notice that his claim upon the note had been disallowed, he had informed the commissioners that he wished to present to them an additional claim for their consideration, which was the claim based upon false warranty. On April 12, 1946, the plaintiff applied to the County Court for leave to introduce further

evidence in support of the amendment. After hearing, the application was denied subject to the plaintiff's exceptions.

■ The only question before us is whether this denial was error. The plaintiff has briefed several exceptions taken at the hearing of October 26, but these are not for consideration because no bill of exceptions covering the rulings then made, or the order of November 23, has been filed within thirty days after the rendition of judgment as required by P. L. 2068, as amended by § 20, No. 29, Acts of 1945. The provisions of this statute are mandatory and a compliance therewith is necessary to give this court jurisdiction to hear and decide the question sought to be raised. *Beam* v. *Fish,* 106 Vt 219, 221, 172 A 617; *Brown* v. *Osgood,* 104 Vt 87, 89, 156 A 876; *Hunt* v. *Paquette,* 102 Vt 403, 404, 148 A 752; *Tucker* v. *Yandow,* 100 Vt 169, 171, 135 A 600; *Trask* v. *Trask's Est.,* 99 Vt 353, 354, 132 A 136. It is urged that the original petition, the amendment and the present application were regarded by the court and parties as constituting parts of one and the same proceeding, and therefore all issues presented during the course of the entire litigation are now here for examination, but the record fails to substantiate this contention. The amendment came too late to be considered as a part of the original petition. As has been seen, it was to have been filed within a reasonable time, and surely a delay of a month, and a filing four days after judgment had been entered, cannot be regarded as a compliance with the condition upon which the permission to do so was asked and granted. The court might well have assumed, in view of the lapse of time, that the plaintiff had decided not to attempt an addition to his original petition.

For present purposes we treat the application to introduce further evidence and the amendment together as a motion to strike off the judgment and reopen the cause for further hearing upon the allegation of the amendment.

■■ A trial court has control over its own judgments during the term at which they are rendered, and afterwards, and possesses the inherent power, for sufficient reasons, to order a final judgment vacated, the cause brought forward and opened for further proceedings; but whether this power shall be exercised in any given instance rests solely in the sound discretion of the court. *St. Pierre* v *Beauregard,* 103 Vt 258, 261, 152 A 914; *Mutual Life*

*Ins. Co.* v. *Foster,* 88 Vt 503, 505-6, 93 A 258. Any discretionary ruling is not subject to review here unless it clearly and affirmatively appears that such discretion has been abused or withheld. *Macauley* v. *Hyde,* 114 Vt 198, 206, 42 A2d 482; *Russell* v. *Pilger,* 113 Vt 537, 543, 37 A2d 403; *Lariviere* v. *Laroque,* 105 Vt 460, 471, 168 A 559, 91 ALR 1514; *Parizo* v. *Wilson,* 101 Vt 514, 523, 144 A 856.

■ But of course there can be neither an abuse nor a withholding of discretion in the denial of an application to reopen a cause where it appears that, if granted, the court would not have jurisdiction of the issue sought to be raised upon a further hearing. See *Curtis Funeral Home* v. *Smith Lumber Co.,* 114 Vt 150, 153, 40 A2d 531. The right to an appeal from the disallowance of a claim against a decedent's estate depends upon a seasonable and proper presentation of the claim to the commissioners. If there is no right to an appeal, the County Court cannot grant relief under the provisions of P. L. 2109. In other words a party must possess a right which he is entitled to assert before he can be heard to say that he has been deprived of it by fraud, accident or mistake.

■ A claim of an absolute or legal nature against a person at his death which is not presented before the commissioners on his estate for allowance within the time limited by the Probate Court in accordance with P. L. 2838 and 2839, is barred and no recovery can be had thereon. P. L. 2842; *Hurlburt Bros.* v. *Hinde,* 86 Vt 517, 521, 86 A 739. No particular formalities are required to constitute a sufficient presentation; it is enough that the commissioners are notified that a claim exists against the estate, under circumstances showing that the claimant is seeking to charge the estate with its payment, and are given enough information as to its nature and amount to enable them intelligently to act thereon. *Batchelder* v. *White's Admr.,* 82 Vt 132, 134-5, 71 A 1111; *Powell* v. *Moore's Est.,* 93 Vt 476, 479, 108 A 398. We assume, but do not decide, that the allegation in the amendment that the plaintiff informed the commissioners that he had a claim based upon a breach of warranty which he wished to present before them was adequate so far as the principle just mentioned is concerned. But it is not sufficient to show that such presentation was made within the six months allowed by the Probate Court for this pur-

pose. All that the amendment says as to this is that it was made previous to the receipt of notice by the plaintiff that the claim based upon the note had been disallowed. In the entire record there is no evidence and no offer of proof that the presentation was seasonably made. The plaintiff's application to the Probate Court for a renewal of the commission for the purpose of exhibiting the claim for breach of warranty is in itself a strong indication that he had not done so within the time limited. In his brief the plaintiff makes the statement, which is unsupported by the record, that he gave information to the Commissioners that he desired to present this claim "shortly after the appointment of Mooney", the third commissioner. But this does not aid him, because even if we take it at its face value, it shows that his action came too late. The third commissioner was appointed on February 20, 1943, and at that time the six months allowed for the exhibition of claims had gone by. The appointment of the third commissioner did not have the effect of extending the period in which demands could be presented since it was for the purpose of passing upon the claim on the note which had already been presented, and for this exigency alone.

The plaintiff argues that the fact that his claim for breach of warranty was not mentioned by the commissioners in their report shows either that, although they had knowledge of it, they ignored it, or that they passed upon it and disallowed it, and failed in their duty to report the disallowance; therefore, that he was entitled to an appeal. This contention, however, does not answer the objection that it is not shown that the claim was seasonably presented to them, and without compliance with this condition the commissioners had no jurisdiction to pass upon it, so that even if they had attempted to do so, their determination, whether of allowance or disallowance, would have been of no effect. *Probate Court* v. *Gale,* 47 Vt 473, 476.

It is true that a petition for leave to enter an appeal under P. L. 2109 is addressed to the sound discretion of the court to which it is preferred and is governed by equitable principles, so far as the positive provisions of the law will allow, for the statute is remedial in character and is to be construed liberally. *In Re Walker's Estate,* 100 Vt 366, 368-9, 137 A 321; *In Re Corey's Estate,* 113 Vt 449, 451-2, 35 A2d 377. There is no reason why a

court of law should not grant relief whenever a court of equity, if it had jurisdiction of such a case, would be warranted in doing so. *Sleeper and Kimball* v. *Croker,* 48 Vt 9, 11. Examples of the exercise of jurisdiction by the court of chancery are found in *Batchelder* v. *White's Admr.,* 82 Vt 132, 71 A 1111; and *Dickey* v. *Corliss, Admr.,* 41 Vt 127. In each of these cases a creditor seasonably and properly presented a claim based upon a promissory note against the estate of his deceased debtor; no defense was made to it, and no objection interposed to its allowance; the commissioners, either through mistake, or neglect of duty, failed to pass upon it and omitted any reference to it in their report; the creditor, without fault on his part, rested in the belief that it had been allowed until after the time in which legal steps could have been taken to protect his interests had expired. Under these circumstances it was held that the claim ought not to be barred and that the estate should be charged with the debt. But in *McCollum* v. *Hinckley,* 9 Vt 143, 146, and in *Burgess* v. *Gates,* 20 Vt 326, 331-2, where the creditor had neglected to present his claim to the commissioners, the court of chancery refused relief. In the latter opinion it is said that, except for equitable claims, "there is no necessity whatever, that a court of equity should entertain jurisdiction, after the commission is closed. If that were to be done in cases like the present, it must be merely to get rid of the statute bar—which certainly is not allowable."

In the present proceedings, although legal notice of the meetings of the commissioners was duly given, the plaintiff neglected to attend, as he might have done, and exhibit his claim for breach of warranty. No reason for his failure to do so is given. No mistake or neglect of duty on the part of the commissioners can be inferred from the omission of this claim from their report.

The plaintiff, as the excepting party, must produce a record that makes it appear that reversible error has been committed by the trial court, and the risk of failure is his. *Higgins, Admr.* v. *Metzger,* 101 Vt 285, 296, 143 A 394. It is to be construed against him on review. *Prazak* v. *Burzeike,* 104 Vt 457, 462, 160 A 189. And we are bound by the record because it imports absolute verity, and anything not shown by it is out of the case. *Higgins, Admr.* v. *Metzger, supra,* at p. 297, 143 A 394; *Legier* v. *Deveneau,* 98 Vt 188, 190, 126 A 392.

In the application of these principles, and after a careful examination of all the record of these proceedings, we find no error in the ruling of the trial court.

*Judgment affirmed.*

## ON MOTION FOR REARGUMENT.

■ MOULTON, C. J.   The purpose of a motion for reargument is to point out matters presented in the brief and relied upon in the original argument which it is thought were overlooked or misapprehended by the Court in reviewing the case.   *McAllister* v. *Benjamin,* 96 Vt 475, 478, 121 A 263 ; *Ryan* v. *Orient Ins. Co.,* 96 Vt. 291, 305, 119 A 423.   The present motion calls to our attention no material question that has not received careful consideration in arriving at the decision which we have announced, and which we see no reason to alter.

■ The plaintiff says that the point that the amendment was not filed within a reasonable time was not made an issue at the trial.   But the fact that the trial court waited for a month before filing its findings of fact and judgment order, no amendment being filed within that period, indicates that it held that a reasonable time had elapsed.   We make every presumption in favor of a ruling which is not positively inconsistent with the record.   *Read and Davis* v. *Reynolds,* 95 Vt 45, 46, 112 A 359 ; *State* v. *Parker,* 104 Vt 494, 502, 162 A 696.

■ It is also alleged that the judgment below was not based upon the lack of seasonable presentation of the claim for breach of warranty to the commissioners but upon the omission of any reference to it in their report. However, assuming this to be so, we have often held that we will affirm a judgment on any legal ground shown by the record whenever this can be done, whether or not it has been presented on trial.   *Howe* v. *Lisbon Savings Bank,* 111 Vt 201, 210, 14 A2d 3 ; *McNamara* v. *Pickett,* 109 Vt 500, 504, 1 A2d 716 ; *Simpson* v. *Central Vermont Ry. Co.,* 95 Vt 388, 394, 115 A 299 ; *Fairbanks* v. *Stowe,* 83 Vt 155, 160, 74 A 1006, 138 Am St Rep 1074 ; and see cas. cit. in the foregoing decisions.

*Motion for Reargument denied. Let full entry go down.*