## Betty J. Kotz v. Russell H. Kotz

[349 A.2d 882]

Nos. 66-75, 163-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 2, 1975

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Plaintiff.

*Fred I. Parker of Langrock and Sperry,* Middlebury, for Defendant.

**Daley, J.** The plaintiff, in a civil action brought in the Bennington Superior Court, obtained a judgment against the defendant by default. No appeal was taken within the period prescribed by V.R.A.P. 4, and the judgment became final. The defendant then sought relief from final judgment under V.R.C.P. 60(b) on the following grounds: (1) mistake, inadvertence or excusable neglect; (2) the prior judgment upon which said judgment is based has been vacated; and (3) general principles of equity.

On February 25, 1975, the court, upon consideration of the record, representations of counsel, memoranda and rules of court entered an order denying the motion. From this order, the defendant appealed and the cause was transferred to this Court in accordance with our Rules of Appellate Procedure.

Thereafter, new counsel for the defendant by a document entitled "Motion to Reconsider-Motion to Vacate" requested the trial court to reconsider its February 25, 1975, order denying the previous motion for relief at a time when it was to hear other motions, not material here. Counsel for the plaintiff was not made aware of this motion until he appeared at the courthouse on April 1, 1975, for hearing on the other motions. The trial court, however, proceeded to hear the so-called motion to reconsider.

On May 29, 1975, it issued an order granting reconsideration. In the same order, it vacated and struck the default judgment and placed the cause on the calendar for a hearing on the merits. The court stated as grounds for its action that "prior counsel inadvertently failed to file an answer as the result of a misunderstanding on his part". From this order, the plaintiff appeals. Both appeals were consolidated for hearing before us.

The question posed by the plaintiff's appeal is one of first impression: "Does a trial court have jurisdiction to entertain a motion for relief under V.R.C.P. 60(b) while an appeal from its previous order denying relief is pending in this Court?"

V.R.C.P. 60(b), substantially identical to F.R.C.P. 60(b), is silent upon this point. The rule is intended to provide the sole means of obtaining relief from a judgment after the time

for a motion under V.R.C.P. 59 (New Trials; Amendment of Judgments) has run.

V.R.C.P. 55(c) also provides that if a judgment by default has been entered, the court, for good cause shown, may set it aside in accordance with Rule 60(b). Both our rule and the federal rule provide for relief from final judgment. When adopted in this State, the rule replaced all existing modes of obtaining relief from a judgment on grounds such as mistake, fraud or newly discovered evidence. For the grounds of relief and procedure, see V.R.C.P. 60(b); and for a discussion of previous modes of obtaining relief, see V.R.C.P. 60, Reporter's Notes.

As both parties concede, the power of the trial court to grant relief from judgment prior to appeal, or when an appeal has not been taken, is unquestionable. As to its power to do so when a cause is pending in the appellate court, both they and the federal decisions on this point differ widely. For a discussion of this question and the procedures adopted by various United States Circuit Courts of Appeal, see 11 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2873, at 263–66, and cases cited. See also 7 Moore's Federal Practice and Procedure § 60.30, at 417–33, and cases cited.

█ In this jurisdiction, it has long been the rule established by judicial decision that when a proper notice of appeal from a final judgment or order of the lower court is filed the cause is transferred to this Court, and the lower court is divested of jurisdiction as to all matters within the scope of the appeal. *Downer* v. *Battles,* 103 Vt. 201, 152 A. 805 (1930); *Alfred* v. *Alfred,* 87 Vt. 542, 90 A. 580 (1914). For exceptions to this rule, see V.R.C.P. 62(d); *McDonough* v. *Snow Construction Co.,* 131 Vt. 436, 447, 306 A.2d 119 (1973). For this reason alone, we hold that the trial court, in the absence of a remand, possessed no authority or jurisdiction to entertain, much less grant, any relief from final judgment while the denial of the very same requested relief was pending in this Court.

In effect, the procedure indulged in by the trial court, and adopted by the defendant, when it overturned its previous ruling was to act as an appellate body without any authority to do so. As late as the April Term, 1975, in *Economou* v.

*Economou* (Docket No. 235-74), we condemned trial court rulings amounting to horizontal appeals. We find no authority for a motion for reconsideration, or even reconsideration without motion, of a court order when jurisdiction of the subject has passed from the hands of the trial court; and in this case, under the circumstances, we would have reversed such action as an abuse of the trial court's discretion. Our holding, however, does not so require.

We realize that there are and undoubtedly will be cases where a 60(b) motion may well serve both the interests of justice and finality of judgment while a cause is pending in this Court. As previously stated, the United States Circuit Courts of Appeal faced with the same problem have adopted varying procedures depending upon their holdings relative to the jurisdiction of the district court when a cause is pending in the appellate court. See *Smith* v. *Pollin*, 194 F.2d 349 (D.C. Cir. 1952); *Ferrell* v. *Trailmobile, Inc.*, 223 F.2d 697 (5th Cir. 1955); and *Ryan* v. *United States Lines Co.*, 303 F.2d 430, 434 (2d Cir. 1962). The Second Circuit in *Ryan* commended the following doctrine: During the pendency of an appeal, the district court may consider a 60(b) motion and, if it indicates that it is inclined to grant it, application can then be made to the appellate court for a remand. The logical consequence is that the district court may deny a motion for relief although it cannot grant it until there has been a remand.

We have considered the various interpretations of the rule made by the federal courts in light of established practice in this jurisdiction and are of the opinion that the rule we now enunciate is best suited to promote the ends of justice and finality sought by all courts, particularly in view of our jurisdictional holding previously set forth.

While a cause is pending in this Court, the trial courts have no power to rule on V.R.C.P. 60(b) motions in the absence of a remand for that purpose. Although such motions will not be heard in this Court, a party seeking relief under V.R.C.P. 60(b) may petition us for a remand so that a motion under that rule may be heard and determined in the trial court while jurisdiction over the appeal is retained in this Court.

40

The defendant suggests that, in the event we adopt a remand procedure, his appeal in effect be alternately treated as a petition for remand for a 60(b) hearing. In our opinion, the record of matters introduced below upon the reconsideration motion do not warrant such action.

■ We now turn to the denial of the defendant's original motion for relief. The plaintiff's action was predicated upon a written agreement executed by the parties after a judgment for divorce granted to the plaintiff in the courts of the State of New Jersey had become final. The agreement provided for an increase in monthly alimony payments from those specified in the divorce judgment. Plaintiff's action sought to recover payment arrearages under the contract. The defendant received notice of the action and caused his appearance to be entered by a Vermont attorney. Although the action was brought in December of 1973, no answer, pleading, or motion had been filed under V.R.C.P. 7 at the time of the plaintiff's motion for default approximately one year later. The power to grant relief from a final judgment rests solely in the sound discretion of the trial court, and a discretionary ruling of the trial court is not subject to review on appeal unless it clearly and affirmatively appears that such discretion has been abused or withheld. *Horicon* v. *Langlois,* 115 Vt. 81, 84, 85, 52 A.2d 888 (1947).

We have examined the record of the hearing held upon the motion consisting of an affidavit filed by the defendant with his motion, the contract itself, a motion for modification by the defendant, and cross petition filed by the plaintiff in the New Jersey courts subsequent to the Vermont judgment. The defendant's affidavit conceded that he was advised by his then Vermont counsel, soon after the Vermont action was brought by the plaintiff, in 1973, to seek a modification of the original decree in the New Jersey courts; such action was not brought until after the rendition of the Vermont judgment in November, 1974, because of a claimed work interference. His then counsel in argument to the court stated, "The fact that no answer was entered up here stems from certain frustrations with my client on my behalf and being unable to get him to seek proper relief." Both parties conceded that the original judgment was never vacated or modified of record in New

Jersey. The defendant has not contended that the Vermont court lacked jurisdiction over the person or subject matter of the contract upon which judgment by default was rendered. Certainly the fact that the defendant and his then counsel gambled and lost is not ground for granting relief from this judgment.

The trial court apparently concluded that the defendant's failure to file an answer to plaintiff's complaint was not the result of mistake or inadvertence and that the neglect was not excusable under the circumstances. See *Haskins* v. *Haskins Estate,* 113 Vt. 466, 471, 35 A.2d 662 (1943). Furthermore, the defendant did not demonstrate in the trial court any good or meritorious defense to the claim upon which the judgment by default was entered. No abuse of discretion has been demonstrated.

The following entry will be made in Docket No. 66-75:

*The order of the Bennington Superior Court dated February 25, 1975, denying the defendant motion for relief from judgment is affirmed.*

In Docket No. 163-75, *the order of the Bennington Superior Court, dated May 29, 1975, is reversed and vacated.*