STATE OF VERMONT

SUPERIOR COURT
Docket No. 106-10-18 Vtec

<div style="border:1px solid">

**Punderson 2-Lot Subdivision**

</div>

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Subdivision (106-10-18 Vtec)

Title:             Motion to Dismiss (Motion 1)

Filer:            Frank Punderson

Attorney:     Ebenezer Punderson

Filed Date:   November 2, 2018

Response filed on 11/09/2018 by Attorney Alexander J. LaRosa for Appellants Mary Anne
     Sullivan, Martha Sullivan, and Lois Sullivan Revocable Trust

**The motion is DENIED.**

Mary Anne Sullivan, Martha Sullivan,[1] and the Lois Sullivan Revocable Trust ("Appellants")
appeal, in relevant part, a decision by the Town of Salisbury ("Town") Development Review Board
("DRB") denying their motion for reconsideration of the DRB's decision to uphold a permit issued
to property owner Frank Punderson for a two-lot subdivision.  Presently before the Court is Mr.
Punderson's motion to dismiss Appellants' appeal as untimely.

The failure to bring a timely appeal under 24 V.S.A. § 4471 deprives this Court of
jurisdiction over said appeal.  In re Gulli, 174 Vt. 580, 583 (2002).  Therefore, because the present
motion is jurisdictional in nature, we apply the standard set by V.R.C.P. 12(b)(1) governing
motions to dismiss for lack of subject matter jurisdiction.  When reviewing such a motion, this
Court accepts all uncontroverted factual allegations as true and construes them in the light most
favorable to the nonmoving party.  Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.

On January 18, 2018, the Town granted Mr. Punderson's application for the permit
presently on appeal.  Appellants then timely appealed that issuance to the DRB.  On March 23,
2018, the DRB heard the appeal and issued a written decision upholding the permit on April 30,
2018.  Appellants then requested that the DRB reconsider the decision pursuant to 24 V.S.A.
§ 4470 on May 15, 2016.  A duly warned reconsideration hearing was held on July 18, 2018. At
this time, the DRB voted to deny the request.  It then approved the meeting minutes in
September 2018.  On October 5, 2018, Appellants filed an appeal of the decision in this Court.

We begin by noting a threshold jurisdictional hurdle in this Court.  This Court has
jurisdiction over an appeal under 24 V.S.A. § 4471(a) only if the appealed-from municipal decision
is final and binding.  See In re Saxon Partners LLC BJ's Warehouse Sketch Plan, No. 5-1-16 Vtec,

---

[1] The Court has been made aware that, during the pendency of this appeal, co-appellant Martha Sullivan
has passed.  The undersigned extends his sympathies to Ms. Sullivan's family.

Upon a formal motion pursuant to V.R.C.P. 25(2), the Court shall remove Martha Sullivan from this action
as a listed Appellant and will allow the appeal to proceed in the name of the surviving Appellants.

slip op. at 2—3 (Vt. Super. Ct. Envtl. Div. July 15, 2016) (Walsh, J.). The finality of municipal decisions is based upon when the "ultimate issue" before the municipal body is resolved. In re Scott Farm Act 250, No. 48-4-17 Vtec, slip op. at 1—2 (Vt. Super. Ct. Envtl. Div. Aug. 22, 2017) (Walsh, J.) (citing Jordan v. State Agency of Transp., 166 Vt. 509, 513 (1997)).

24 V.S.A. § 4470(a) entitles a municipal body to reconsider its own decision, subject to the limitations included therein. We have previously held that "[n]othing about a DRB's decision to reconsider 'circumvents' the 'proper' appeals process; it simply returns the DRB's proceedings on the application to the point before the DRB would have voted on the merits of the application." In re Woodstock Cmty. Tr., Inc., No. 263-11-06 Vtec, slip op. at 10 (Vt. Envtl. Ct. May 10, 2007) (Wright, J.). Thus, the underlying decision is not final until a decision on the request to reconsider is made in full.

Here, the DRB decided to hold a hearing on the request to reconsider. Therefore, with this guiding case law in mind, the DRB was determining whether or not to return the proceedings on the application back to the point before it voted on the merits. Pending that determination, the underlying merits decision was not final because the ultimate issue before the DRB was not resolved.

Further, it would seem axiomatic that while a decision on a motion to reconsider an underlying merits decision was pending it would be improper to file an appeal to this Court of said merits decision, as the ultimate issue therein would remain unresolved. The impropriety of this derives from the ban on dual jurisdiction over appeals. It is fundamental that an appeal vests the appellate tribunal with jurisdiction over the subject matter of the appeal. See Kotz v. Kotz, 134 Vt. 36, 38 (1975). The tribunal from which the decision was appealed is "divested of jurisdiction" and cannot revisit its determinations while they are on appeal. Id. Therefore, should an interested party appeal a final merits decision they consider averse to their interests to this Court, it may not seek, nor may the DRB entertain, a request to reconsider the underlying decision. Conversely, if the DRB has a request to reconsider before it, it would be improper for a party to pursue an appeal of the underlying decision while that request was pending.

As such, we do not accept Mr. Punderson's assertion that Appellants needed to appeal the DRB's original April 30, 2018 decision to this Court to preserve their appellate rights while their request for reconsideration was pending. Therefore, based on the jurisdictional requirements that only final and binding decisions are appealable and the ban on dual jurisdiction, we conclude that the appeal period set forth in 10 V.S.A. § 8504(b)(1) is effectively tolled by an interested party's properly submitted request to reconsider the underlying decision of the DRB.

Because the Appellants' request to reconsider effectively tolls the finality of the underlying permit, it delays the relevant appeal period until after the DRB issued a decision on the request. Therefore, as the DRB issued a decision on the request on September 19, 2018, Appellants' appeal to this Court was timely.[2] Therefore, Mr. Punderson's motion to dismiss is **DENIED**.

---

[2] When a municipal panel does not issue a formal decision, we have looked to the date on which the meeting minutes were approved and signed to establish the start of the statutory appeals period. See In re Freimour & Menard CU Permit, No. 59-4-11 Vtec, slip op. at 2 (Vt. Envtl. Ct. Sept. 7, 2011) (Durkin, J.); see also Perini Rd. Quarry (Appeal of Burnhans), No. 264-12-05 Vtec, slip op. at 5 (Vt. Envtl. Ct. Aug. 28, 2016) (Durkin, J.). Here, the July

**So Ordered.**

Electronically signed on March 29, 2019 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Alexander J. LaRosa (ERN 5814), Attorney for Appellants Mary Anne Sullivan, Martha Sullivan, and the Lois Sullivan Revocable Trust
Ebenezer Punderson (ERN 3701), Attorney for Appellee Frank Punderson
James F. Carroll (ERN 1907), Attorney for the Town of Salisbury

---

meeting minutes were approved and signed on September 19, 2018.  We conclude that the appeal period began to run at that time.