Vermont Superior Court
Filed 04/15/25
Caledonia Unit

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03045

---

**Elizabeth McCurley v. Tyler LeBeau**

---

## ENTRY REGARDING MOTION

Title:      Motion to Stay; Motion to Intervene Execution Pending Appeal (Motion: 13; 14)
Filer:      Tyler LeBeau; Leila-Jeanne Comegno
Filed Date:   March 21, 2025; March 25, 2025

Following the issuance of the final order and judgment in this landlord-tenant case, defendant Tyler LeBeau filed a notice of appeal to the Vermont Supreme Court and contemporaneously moved to stay execution of the writ of possession. Mr. LeBeau's fiancée Leila-Jeanne Comegno, a nonparty, thereafter moved in this court to intervene pursuant to Rule 24 of the Vermont Rules of Civil Procedure.

### 1. Motion for a stay pending appeal

The court has discretion to stay execution of a writ of possession during the pendency of an appeal. V.R.C.P. 62(d)(3) ("When an appeal is taken from a final judgment granting possession of real estate or a chattel, if an order for possession has not been executed, the court in its discretion may stay issuance or execution of any such order during the pendency of the appeal upon such terms as it considers necessary to protect the interests of any party."); *see also* 12 V.S.A. § 4854 (trial court may stay execution on a writ of possession for "good cause.").

In considering whether to grant a stay pending appeal, courts often look to the following factors:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

(2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

(4) where the public interest lies.

*In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (footnote omitted) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The court will apply these factors here.

*First*, the court does not believe defendant has made a strong showing that he is likely to prevail on appeal. In the final order, the court determined that defendant's right to remain in possession of plaintiff's property was lawfully terminated for nonpayment of rent on June 21, 2024—nearly ten months ago. Although the court significantly discounted defendant's liability for back rent based on habitability concerns that arose while defendant remained in possession *after* his tenancy was terminated, the court determined that defendant's argument that he withheld rent because of habitability concerns *before* his tenancy was terminated was not credible given his testimony and the other evidence introduced at trial. Given the court's findings that defendant failed to pay rent for personal financial reasons, and that plaintiff terminated the tenancy because of that nonpayment, the court also rejected defendant's unlawful retaliation argument.[1] The court's legal conclusions followed from its assessment of the parties' credibility in light of the evidence presented. To prevail on appeal, defendant will likely need to establish clear error. *See Benson v. Hogdon*, 2010 VT 11, ¶ 10, 187 Vt. 607. While the Supreme Court of course may see it differently, this court does not believe defendant is likely to be able to make the necessary showing.

*Second*, the court does find, however, that defendant may be irreparably harmed if a stay is denied. Defendant argues that, absent a stay of execution, he will be evicted and he and his family will lose their housing before the appeal is decided. The court agrees that the loss of housing meets the standard for irreparable harm. *See, e.g.*, *Groundworks Collaborative, Inc. v. Vermont Agency of Human Services*, No. 24-CV-00999, 2024 WL 1344378, at *2 (Vt. Super. Ct. Mar. 22, 2024) (Toor, J.) (citing *Duprey v. Samuelson*, 23-CV-2299 at 14 (Vt. Super. June 1, 2023) (Tomasi, J.)).

*Third*, the court finds that a stay will not irreparably harm plaintiff because, if she prevails on appeal, she can be made whole by an award of damages. *Cf. Taylor v. Town of Cabot*, 2017 VT 92, ¶ 40, 205 Vt. 586, 605 ("A preliminary injunction will usually be denied 'if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief.'" (quoting C. Wright & A. Miller, Federal Practice & Procedure § 2948.1 (3d ed. 2017)). But, as further discussed below, plaintiff may be irreparably harmed if defendant retains possession pending appeal but fails to pay a subsequent damages award.

---

[1] Although the court focused on unlawful retaliation under the parties' lease, rather than 9 V.S.A. § 4465, the result is the same—the court concluded the tenancy was terminated because defendant failed to pay rent not because he complained about or reported habitability issues.

*Finally*, the court is unable to conclude that the public interest tips significantly in either direction in this case. There are strong public interest considerations both in ensuring that landlords can evict tenants who refuse to pay rent and that tenants are not wrongfully evicted.

Considering these factors, the court finds that the first factor weighs against a stay, the second and third factors support a stay, and that the fourth factor is neutral. On the whole, the court concludes it is appropriate to stay execution of the writ of possession pending the appeal in this case.[2]

The court's analysis of the third factor, however, assumes that defendant will pay a court-ordered judgment if his appeal is unsuccessful. That is hardly a foregone conclusion in a landlord-tenant case, particularly a nonpayment case. Plaintiff may be irreparably harmed by a stay if she is denied possession of her property and is unable to recoup the rent she is owed.

To address that concern, and taking into account the court's previous findings, the court will order that defendant pay into court his monthly rent of $1,700, beginning May 1, 2025, during the pendency of the appeal.[3] This will provide some assurance that plaintiff will not be irreparably harmed by defendant's continuing possession of the property during the pendency of the appeal. *See* V.R.C.P. 62(d)(3) (trial court may stay execution of a writ of possession "during the pendency of the appeal upon such terms as it considers necessary to protect the interests of any party"). To be clear, the stay pending appeal is contingent on defendant paying rent into court as ordered. In other words, plaintiff may execute on the writ of possession if plaintiff fails to pay $1,700 into court each month, as ordered, beginning on May 1.

## 2. Motion to intervene

To the extent Ms. Comegno seeks to intervene for purpose of requesting a stay pending appeal, the motion is denied as untimely. Timeliness is a "threshold question" when considering a motion to intervene under Rule 24(a) and (b). *State v. Quiros*, 2019 VT 68, ¶ 16, 211 Vt. 73. Here, Ms. Comegno did not seek intervention until after final judgment was entered, even though she knew the case was pending and had appeared with defendant at prior proceedings including the bench trial. The court declines to grant her motion under these circumstances. *See id.*, ¶ 21 ("To whatever extent the other elements of intervention

---

[2] With respect to the first factor, there is an inherent awkwardness in a trial court predicting whether its judgment is likely to be reversed. Accordingly, the court places less weight on this factor than on the remaining factors—at least in the context of this case.

[3] In its final order, the court permitted defendant to withhold rent for the winter months (after the tenancy was terminated but while defendant remained in possession) due to a lack of adequate heat. Defendant argues that if he is ordered to pay rent into court, he should not have to pay April rent for the same reason, noting that temperatures have remained cold.

are met here—questions that we do not and need not answer—intervenors could have sought intervention any time after the complaint was filed," "there was nothing precluding them from seeking to intervene much sooner," and "[t]o permit intervention after so much time had elapsed, and when the original parties were near settlement, would violate the timeliness requirement of Rule 24(a) and (b).").

To the extent Ms. Comegno seeks to intervene in defendant's appeal to the Supreme Court, that relief is beyond this court's authority to grant and should be directed to the Supreme Court. *See Kotz v. Kotz*, 134 Vt. 36, 38, 349 A.2d 882, 884 (1975) ("[W]hen a proper notice of appeal from a final judgment or order of the lower court is filed the cause is transferred to this Court, and the lower court is divested of jurisdiction as to all matters within the scope of the appeal.").

## Order

The motion for a stay pending appeal is GRANTED. Execution on the writ of possession is stayed pending appeal provided that, while the appeal is pending, every month's rent of $1,700 is paid to the court on the first day of the month beginning May 1, 2025 (or, if the court is closed that day, on the next day the court is open).

All payments must be made to "Vermont Superior Court" at the court clerk's office between 8:00 a.m. and 4:30 p.m. Defendant may pay by cash, money order, credit card or bank check. The court does not accept personal checks.

| | |
|---|---|
| The court is located at: | 1126 Main Street Suite 1, St. Johnsbury VT  05819 |
| The mailing address is: | Vermont Superior Court<br>Caledonia Unit<br>1126 Main Street Suite 1<br>St. Johnsbury VT  05819 |

The motion to intervene is DENIED.

Electronically signed on: 4/14/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge