2011 VT 25

## In re UNNAMED DEFENDANT

[15 A.3d 1039]

¶ 1. February 9, 2011. Defendant challenges his conviction for resisting arrest

[2] In light of our disposition, defendant's motion to strike the State's supplemental printed case is moot.

on the grounds that the police did not have probable cause to arrest him. We do not address defendant's challenge as we find it is moot.

¶ 2. The mootness doctrine has its foundations in the Vermont Constitution, which "limits the authority of the courts to the determination of actual, live controversies between adverse litigants." *Holton v. Dep't of Emp't & Training*, 2005 VT 42, ¶ 14, 178 Vt. 147, 878 A.2d 1051. An issue is moot when "the parties lack a legally cognizable interest in the outcome," *State v. Curry*, 2009 VT 89, ¶ 11, 186 Vt. 623, 987 A.2d 265 (mem.) (quotation omitted), and "this Court can no longer grant effective relief." *Houston v. Town of Waitsfield*, 2007 VT 135, ¶ 5, 183 Vt. 543, 944 A.2d 260 (mem.) (quotation omitted). Here, defendant received a six-month deferred sentence on his resisting arrest conviction. The record indicates that he complied with the probation conditions during this period and that the deferred sentence expired on the date specified. Under 13 V.S.A. § 7041(e), the trial court was obligated, "[u]pon fulfillment of the terms of probation and of the deferred sentence agreement, [to] strike the adjudication of guilt and discharge [defendant]." In particular, the court must "issue an order to expunge all records and files related to the arrest, citation, investigation, charge, adjudication of guilt, criminal proceedings, and probation related to the deferred sentence." *Id.* Once this order has been issued, any court, agency, or department "shall reply to any request for information that no record exists with respect to such person upon inquiry in the matter." *Id.* Because § 7041(e) effectively erases any record of defendant's arrest and conviction after satisfaction of the terms of his deferred sentence, "this Court can no longer grant effective relief," and the challenge to his conviction is moot. *Houston*, 2007 VT 135, ¶ 5 (quotation omitted). To the extent that it has not already done so, the trial court

is directed to fully comply with the terms of § 7041(e).

¶ 3. Defendant argues that even if his resisting arrest argument is moot, it nevertheless falls within one of the two established exceptions to the doctrine that enable reviewing courts to address issues that have become moot. The first exception applies "where the result of the underlying action carries negative collateral consequences" for the appellant. *Curry*, 2009 VT 89, ¶ 12 (quotation omitted). Defendant contends that he would be subject to collateral consequences because "[t]he conviction may still show up on [defendant's] criminal record as an arrest and dismissal."\* We disagree that the collateral consequences exception applies. As discussed above, § 7041(e) requires that the court "issue an order to expunge all records and files related to the arrest, citation, investigation, charge, adjudication of guilt, criminal proceedings, and probation related to the deferred sentence" and that, after expungement, any court, agency, or department "shall reply to any request for information that no record exists with respect to [defendant]." The plain terms of the statute expressly contradict defendant's argument that he will suffer negative collateral consequences.

¶ 4. The second exception to the mootness doctrine occurs when "the underlying situation is capable of repetition,

---

\* Defendant initially argued that even if the conviction is expunged his "conviction *will* show up on [his] criminal record as an arrest and dismissal." (emphasis added). The State filed a motion to strike this sentence as inaccurate, and defendant filed a response amending the language to read, "The conviction *may still* show up on [defendant's] criminal record as an arrest and dismissal." (emphasis added). The State did not respond to this amended language. We therefore permit defendant's amendment to the reply brief.

yet evades review." *E.S. v. State*, 2005 VT 33, ¶ 6, 178 Vt. 519, 872 A.2d 356 (mem.) (quotation omitted). Defendant alleges that "[a]ny six month deferred sentence will likely be expunged before the Court has a chance to rule on the merits of the conviction" and therefore that "[p]otentially unconstitutional convictions could . . . evade review." We have previously stated that the capable-of-repetition exception applies only in limited circumstances, when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again." *State v. Rooney*, 2008 VT 102, ¶ 11, 184 Vt. 620, 965 A.2d 481 (mem.) (quotation omitted). Even assuming that the first prong can be met, we find that defendant has not met his burden of proving that there is a reasonable expectation that he would be subject to the same resisting arrest action again. See *Curry*, 2009 VT 89, ¶ 21 ("[T]he burden is on the party appealing the action to show either a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." (quotation omitted)). Defendant makes no arguments explaining why he is likely to again be charged with resisting arrest. In fact, he makes no arguments why he is likely to be charged again with any crime at all. The mere fact that defendant was arrested once for resisting arrest is insufficient to meet the second prong of the capable-of-repetition exception. Cf. *id.* (noting that fact that State involuntarily committed person once is not sufficient to satisfy second prong of "capable of repetition" test). Defendant's appeal of the resisting arrest conviction is therefore dismissed.

*Defendant's appeal of his resisting arrest conviction is dismissed. On remand,*

*the superior court shall expunge defendant's records and files in accordance with 13 V.S.A. § 7041(e).*