2015 VT 139

**STATE of Vermont v. Zahariah THEODOROU**

[133 A.3d 136]

No. 14-335

¶ 1. October 27, 2015. In this case, defendant appeals from the denial of his motion for early discharge from a fixed term of probation. Defendant's fixed term of probation expired on September 13, 2015. Because there is no relief that this Court can provide to defendant, the case is moot. As we have explained, "a case generally becomes moot when there is no longer a live controversy, or the parties involved lack a legally cognizable interest in the outcome of the case." *State v. Rooney*, 2008 VT 102, ¶ 9, 184 Vt. 620, 965 A.2d 481 (mem.) (quotation omitted).

"Even if the case presented an actual controversy in the lower court, we may not consider the issues unless they remain live throughout the appellate process." *Id.*

¶ 2. We reject defendant's assertion that an exception to the mootness doctrine applies. First, defendant does not identify any negative collateral consequences sufficient to avoid mootness. See *State v. J.S.*, 174 Vt. 619, 620, 817 A.2d 53, 55 (2002) (mem.) (recognizing exception to the mootness doctrine "when negative collateral consequences are likely to result from the action being reviewed," and stating that in mental health commitment cases negative collateral consequences can apply because "legal disabilities radiating from the label of mentally incompetent are myriad" (quotation omitted)).

¶ 3. This is also not a case where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the *same complaining party* would be subjected to the *same action* again." *In re Unnamed Defendant*, 2011 VT 25, ¶ 4, 189 Vt. 585, 15 A.3d 1039 (mem.) (quotation omitted; emphasis added). Defendant has not shown a reasonable expectation that he will be subject to the same controversy again. We note, moreover, that there is nothing inherent in the process of requesting early discharge from probation that will prevent other defendants from seeking review of such decisions.

¶ 4. Finally, we acknowledge defendant's assertion that mootness resulted from factors "beyond his control," but this does not undermine the requirement that issues must remain live throughout the appellate process. *Rooney*, 2008 VT 102, ¶ 9. In this case, the expiration of defendant's fixed term of probation "nullifies our ability to grant effective relief," *id.*, and the appeal is therefore dismissed as moot.

*Dismissed.*