# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 151-11-17 Vtec
and Docket No. 76-7-19 Vtec

| Snowstone, LLC JO #2-308 |
| --- |

## ENTRY REGARDING MOTION

Appeal No. 1: Act 250 Jurisdictional Opinion Appeal (151-11-17 Vtec)
Appeal No. 2: ANR Authorization under MSG Permit #3-9003

Title:          Motion for Limited Site Visit (Motion 6)

Filers:         Appellant Neighbors

Attorney:       Merrill E. Bent

Filed Date:     October 17, 2019

Reply in Support, filed on 11/20/2019 by Attorney Merrill E. Bent for Neighbors
Response in Objection filed on 01/06/2020 by Attorney David R. Cooper for Petitioners to
        Intervene Maureen and Justin Savage

**The motion is MOOT.**

A group of neighbors[1] ("Neighbors") are appealing a determination by the Vermont Agency of Natural Resources to authorize the discharge of stormwater proposed by Snowstone LLC ("Snowstone") pursuant to Vermont Multi-Sector General Permit #3-9003.

We first note this Court is limited to deciding only actual, live controversies between adverse litigants and may not issue merely advisory opinions. In re Keystone Development Corp., 2009 VT 13, ¶ 7, 186 Vt. 523. The case "must present a live controversy *at all stages of the appeal*, and the parties must have a 'legally cognizable interest in the outcome.'" Chase v. State, 2008 VT 107, ¶ 11, 184 Vt. 430 (emphasis in original) (quoting Doria v. Univ. of Vt., 156 Vt. 114, 117 (1991)). Otherwise, the issue is moot, as the Court "can no longer grant effective relief." In re Unnamed Defendant, 2011 VT 25, ¶ 2 (mem.) (quoting Houston v. Town of Waitsfield, 2007 VT 135, ¶ 5, 183 Vt. 543 (mem.)).

---

[1] The Neighbors who submitted the above-captioned appeal are: Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, Kim and James Bergeron, Paul Hogan, Maryellen and James Wichelhaus, Ellen and Edward Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Judy and Dan Massey, Joe Calzone, and Teresa Harrington.

In the matters presently before the Court, Neighbors have moved for a limited site visit.[2] Following this motion, Snowstone on November 22, 2019 filed a motion to Dismiss all of Neighbors' Questions in their appeal of the ANR MSG Permit Authorization. By Entry Order filed today, this Court granted Snowstone's motion to dismiss Neighbors' Questions, and to dismiss their appeal of the ANR authorization under MSG Permit #3-9003.

As to the appeal that remains before us, Snowstone's appeal from an adverse jurisdictional opinion issued by the District 2 Environmental Commission Coordinator (Docket No. 151-11-17 Vtec), the Court bifurcated the two legal issues concerning that appeal. In re Snowstone, LLC JO #2-308, No. 151-11-17 Vtec, slip op. at 1–3 (Vt. Super. Ct. Envtl. Div. Jun. 14, 2018) (Durkin, J.) (hereinafter referred to as the "Interim Order"). For clarification of the remaining issues, the status of both are discussed below.

The first issue concerned whether the proposed sale of 0.93 acres by Mr. & Mrs. Savage to Snowstone, for purposes of operating its dimensional stone extraction operation, constituted an "arm's length transaction." Id. at 4, ¶ 2. This legal issue was addressed by this Court in its Revised Merits Decision on Initial Bifurcated Issues. In re Snowstone, LLC JO #2-308, No. 151-11-17 Vtec, slip op. at 13–16 (Vt. Super. Ct. Envtl. Div. Jan. 21, 2019) (Durkin, J.). This Court ultimately concluded "that the parties' revised Contract represents an arm's length transaction and that . . . it cannot be said that either party will own, control, or govern the other, or the property that they will separately own." Id. at 16.

The second issue concerned whether Snowstone could, in fact, confine its dimensional stone extraction operation to the limits of the 0.64 acre site and 0.29 acre woods access road it planned to purchase from the Savages. In furtherance of addressing this issue, the Court directed Snowstone to apply for any necessary stormwater permits required for the proposed quarrying operation. Interim Order at 4, ¶ 3. The Court directed by its Interim Order that, once a stormwater permit determination was issued, any party to the Jurisdictional Opinion appeal could request that this Court conduct "a further hearing on whether any stormwater permit determination has a relevancy to the legal issue of whether all activities necessary for the operation of the proposed quarry can occur within the 0.93± acres that Snowstone proposes to purchase." Id. at 5, ¶ 8. The Court further advised that if "no Party requests a further hearing [within 30 days], then this Court will issue a final entry of judgment, noting that its initial determination concerning this jurisdictional opinion appeal has then become final, subject to any rights of appeal." Id. at 6, ¶ 9.

We are not aware that any party to the Jurisdictional Opinion appeal has filed a specific request for a further evidentiary hearing within thirty days of the ANR MSG Permit #3-9003 Authorization, which was issued on June 12, 2019. We therefore conclude that no further evidentiary hearing will occur in the JO appeal and therefore conclude that the need for a further site visit on the Savage property is not necessary.

---

[2] In their motion, Neighbors request that the Court authorize Neighbors' engineer or other agents to enter upon Mr. & Mrs. Savages land to conduct a limited site visit to access the land surrounding the 0.64-acre dimensional stone extraction project site, in order to examine the area between discharge points for the proposed site and receiving waters of the State. Appellant's Motion for Limited Site Visit at 2, filed Oct. 17, 2019.

For all these reasons, we conclude that the Neighbors' motion for a limited site visit is now **MOOT**.

**So Ordered.**


Electronically signed on January 28, 2020 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Merrill E. Bent (ERN 5013), Attorney for Appellants Michael Harrington, Bruce and Linda Watson, Izzet and Sandy Haci, James and Kim Bergeron, Paul Hogan, James and Maryellen Wichelhaus, Edward and Ellen Beatty, Kevin and Ann Brown, Kern and Svetlana Phillips, Daniel and Judy Massey, Joseph Calzone, and Teresa Harrington

Lawrence G. Slason (ERN 2443), Attorney for Appellee/Applicant Snowstone, LLC

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board

Elizabeth Lord, Attorney for the Vt. Agency of Natural Resources (FYI Purposes Only)

David R. Cooper (ERN 4756), Attorney for Petitioners to Intervene Justin and Maureen Savage